IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DANIEL ECKHART,

       Plaintiff,

v.

MOTORSPORTS OF NEW MEXICO, INC.,
d/b/a LAS CRUCES MOTORSPORTS,
AMERICAN HONDA FINANCE CORPORATION, and
FEDERATED MUTUAL INSURANCE COMPANY,
       Defendants.

## COMPLAINT FOR DAMAGES FOR FRAUD AND DEMAND FOR JURY TRIAL

1. This action for damages arises from Motorsports' acquisition and resale of a wrecked motorcycle. The dealer failed to tell plaintiff about the damage and repairs done to the vehicle. Plaintiff would not have purchased the motorcycle had the dealer not concealed this information.

2. The dealer's actions also violate the federal Motor Vehicle Information and Cost Savings Act, the New Mexico Unfair Practices Act, and the dealer committed common law fraud.

### Jurisdiction

3. This Court has jurisdiction under the federal Motor Vehicle Information and Cost Savings Act, 49 U.S.C. §32710, and 28 U.S.C. §§ 1331 and 1337.

4. The Court has supplemental jurisdiction over the state claims under 28 U.S.C. § 1367.

### Parties

5. Plaintiff Daniel Eckhart resides in Las Cruces, New Mexico. He is a "transferee" as defined in 49 C.F.R. §580.3. He is a firefighter for the City of Las Cruces.

6. Defendant Motorsports of New Mexico, Inc. ("Motorsports"), d/b/a Las Cruces Motorsports, is a foreign corporation and licensed motor vehicle dealer, conducting a new and used vehicle business in Las Cruces, New Mexico.  This defendant is a "dealer," as defined by 49 U.S.C. §32702(2), and a "transferor," as defined by 49 C.F.R. §580.3.

7. Defendant American Honda Finance Corporation ("AHFC") is a foreign corporation which engages in the business of financing motor vehicle sales.  It purchases retail installment contracts from motor vehicle dealers.  It purchased from Motorsports the retail installment contract signed by Mr. Eckhart.  That contact contains a provision that states: "Any holder of this consumer credit contract is subject to all claims and defenses which the debtor could assert against the sell of goods or services obtained pursuant hereto or with the proceeds hereof.  Recovery hereunder by the debtor shall not exceed amounts paid by the debtor hereunder."  AHFC is liable for all damages up to the amount paid and payable under this contract, plus plaintiff's attorney fees.

8. Defendant Federated Mutual Insurance Company ("Federated") is a foreign corporation that provides motor vehicle surety bonds for New Mexico auto dealers.  It provides the surety bond necessary to license Motorsports as a dealer, pursuant to NMSA 1978 § 66-4-7.  It is liable to pay damages, costs and plaintiff's attorney fees for all claims of fraud against the dealer.

**Facts:  Misrepresentation of the Vehicle's Condition and Salvage Title**

9. Motorsports purchased a used 2008 Honda Shadow Motorcycle for purposes of resale.

10. At the time it purchased the motorcycle, the vehicle had a salvage title and was branded as a vehicle whose odometer did not reflect actual miles.  These deficiencies severely lower the desirability, marketability and fair market value of the motorcycle.

11. On August 23, 2011 Mr. Eckhart visited the Motorsports sales lot and was shown the motorcycle.

12. Motorsports stated that it had conducted a very thorough inspection of the vehicle prior to placing it for sale.

13. The dealer's statements were false, and it knew or should have known so at the time.

14. Motorsports did not disclose to Mr. Eckhart that the motorcycle had been involved in one or more accidents, which resulted in chassis repair and in alteration due to wreck damage, which it knew or should have known.

15. The repair cost of this damage exceeded 6% of the sales price Mr. Eckhart paid.

16. Motorsports failed to give Mr. Eckhart an affidavit disclosing the damage was in excess of 6% of the sale price.

17. Motorsports failed to present to Mr. Eckhart the motorcycle's title certificate, for his examination in connection with the sale.

18. Motorsports likewise failed to obtain the signature of the buyer on the title certificate, as required by the regulations under the federal Motor Vehicle Information and Cost Savings Act, 49 U.S.C. §32705.  See 49 C.F.R. §580.5.

19. In this way, Motorsports was able to hide from Mr. Eckhart the salvage brand on the title for the vehicle.

20. Mr. Eckhart relied on the dealer's false and misleading statements, and its omissions of material facts, to his detriment, in deciding to purchase the motorcycle for $5,912.00.

21. Mr. Eckhart never would have purchased the motorcycle if he had known it had a salvage title, that it had been involved in a serious crash, and that the vehicle had been branded with a "not-actual-miles" odometer reading.

22. Motorsports processed the title and registration in this transaction, so it knew or should have known that the vehicle had a salvage title.

### First Claim for Relief:  Federal Motor Vehicle Information and Cost Savings Act

23. Defendant Motorsports violated the federal Motor Vehicle Information and Cost Savings Act and its regulations, by failing to present the motorcycle's title certificate to Mr. Eckhart, failing to obtain the signature of a buyer on that title certificate and by failing to disclose the odometer discrepancy as a "not-actual-miles" vehicle.

24. Motorsports violated the federal Motor Vehicle Information and Cost Savings Act with intent to defraud.

25. As a result of these violations of the federal Motor Vehicle Information and Cost Savings Act, Defendant is liable to Mr. Eckhart in an amount equal to three times actual damages or $1,500.00, whichever is greater, plus attorney's fees and costs.

### Second Claim for Relief:  New Mexico Unfair Practices Act

26. The foregoing transactions occurred in the regular course of Motorsports' trade or commerce, and its actions are subject to the New Mexico Unfair Practices Act.

27. The foregoing actions of Motorsports constitute unfair or deceptive trade practices, as well as unconscionable trade practices, within the meaning of the New Mexico Unfair Practices Act, NMSA 1978, §57-12-2C and § 57-12-6.

28. Motorsports knowingly and willfully engaged in these unlawful trade practices.

29. As a result of the foregoing acts and omissions, Mr. Eckhart suffered actual damages and injury, including paying a price in excess of the value of the vehicle, plus subsequent interest, for which he should be compensated in an amount to be proven at trial.

30. Mr. Eckhart is entitled to recover actual or statutory damages, actual or statutory damages trebled, plus costs and reasonable attorney's fees.

### Third Claim for Relief:  Fraud

31. Motorsports induced Mr. Eckhart to purchase the motorcycle by misrepresentation of material facts and omission of material facts, namely the fact that the vehicle had a salvage title, the vehicle had been in a serious accident, and the actual odometer mileage of the vehicle was unknown.

32. Motorsports knew such representations to be false, or it made those representations recklessly, or Motorsports had no reasonable grounds for believing those representations were true.  Motorsports also knew that its omissions were material and important.

33. Motorsports intended to deceive Mr. Eckhart and intended that he would rely upon its representations, which he did, to his detriment, suffering damages as a result.

34. Mr. Eckhart is entitled to monetary damages in an amount to be proven at trial, and punitive damages should also be awarded against defendant.

### Jury Demand

35. Plaintiff hereby demands trial by six-person jury on all issues so triable.

### Prayer for Relief

WHEREFORE, Plaintiff prays that this Honorable Court:

A. Award actual or statutory damages, whichever is greater, trebled, for violation of the federal Motor Vehicle Information and Cost Savings Act;

B. Award actual or statutory damages, whichever is greater, trebled, for violation of the New Mexico Unfair Practices Act;

C. Award actual damages and punitive damages for fraud;

      D.      Award reasonable attorney's fees and costs;

      E.      Grant such other relief as it deems just and proper.

Respectfully submitted,


*s/ Richard N. Feferman*
Richard N. Feferman
Feferman & Warren, attorneys for plaintiff
300 Central Ave., SW, Suite 2000 West
Albuquerque, New Mexico 87102
(505) 243-7773